IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN YOUNG, | ) |
|           Plaintiff, | ) Civil Action No. 10 - 786 |
| v. | ) District Judge Nora Barry Fischer |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| BRIAN COLEMAN, *Superintendent*; SAMUEL RYMAROWIZ, *LT*.; SERGEANT GUNSALLUS; CORRECTION OFFICER MAZCKO; CRIS MYERS, *Physicions Assistant*; R. TRETINIK, *Correctional Health Care Administrator*; CORRECTION OFFICER JOHN DOE 1; CORRECTION OFFICER 2; CORRECTION OFFICER JOHN DOE 3; CORRECTION OFFICER JOHN DOE 4 *and various other JOHN DOE'S to be named when identified* | ) |
|           Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant P.A. Chris Myers (ECF No. 22) be denied.

**II.    REPORT**

Plaintiff, Brian Young, an inmate currently confined at the State Correctional Institution at Forest, Pennsylvania, commenced this action against the following individuals employed at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania: Superintendent Brian Coleman; Lieutenant Samuel Rymarowitz; Correctional Officer Mazcko; Sergeant Gunsallus; Physicians Assistant Chris Myers; Health Care Adminstrator Robert Tretinik; and various

Correctional Officer John Does. In his Complaint, Plaintiff alleges that Defendants violated his rights as protected by the Eighth Amendment by using excessive force and denying him adequate medical care.

A. Standard of Review

Defendant Myers has filed a Motion to Dismiss the Complaint (ECF No. 22). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

*Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

### B. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Moreover, it is well settled that in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v.

3

Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

With respect to Defendant Myers, the Complaint purports to state a claim for deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments. In order to make out a *prima facie* case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to <u>objectively</u> determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician

4

as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Plaintiff's allegations are sufficient to state a claim upon which relief may be granted as to Defendant Myers. Specifically, he alleges that he suffered a dislocated shoulder as a result of an unprovoked attack. Such allegation states a serious medical need under the Eighth Amendment. *See* Higgins v. Correctional Medical Services of Illinois, Inc., 178 F.3d 508, 511 (7th Cir. 1999) ("For purposes of this case, it is undisputed that a shoulder dislocation causes great pain and is a serious medical need."). Moreover, Plaintiff alleges that Defendant Myers acted with deliberate indifference because he denied medical treatment and/or delayed medical treatment for non-medical reasons. Specifically, he claims that he advised Defendant Myers about his shoulder injury on January 15, 2009 but that he refused to allow Plaintiff to see a doctor until May 9, 2009, when Dr. Herrick examined him and diagnosed a joint separation. These allegations, taken as true, state a claim for relief based on inadequate medical treatment. Thus, the Motion to Dismiss filed by Defendant Myers should be denied.

In so recommending, this Court notes that Plaintiff's burden of proving his Eighth

5

Amendment claim is high. A plaintiff alleging a violation of the Eighth Amendment based on inadequate medical treatment must submit adequate medical evidence of a "serious medical need" to satisfy the objective component of the test. Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (expert testimony was required to show that inmates' injuries were "serious" so that denial of medical attention violated constitutional right), *cert. denied*, 485 U.S. 991 (1988). In Boring, the Court of Appeals for the Third Circuit determined that, because plaintiffs failed to produce expert testimony that their injuries were "serious," they failed to meet their burden of proof. The court explained that expert testimony would not necessarily be required in situations where the seriousness of injury or illness would be apparent to a lay person, *e.g.*, a gunshot wound. Boring, 833 F. 2d at 473 (citing City of Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983)). With respect to an ulnar nerve injury and migraine headaches, the Court concluded that a factfinder would not be able to determine that the condition was "serious" because the need for treatment did not appear to be "acute." *Id*. With respect to a scalp condition and complaints about dental care, the Court found that the complaints merely reflected a disagreement over the proper means of treatment. The Court noted that, "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.' " *Id*. (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). Finally, with respect to a prior knee injury, the Court found that the evidence did not establish an acute condition.

> As laymen, the jury would not be in a position to decide whether any of the conditions described by plaintiffs could be classified as "serious." In these circumstances, the district court properly required expert medical opinion and in its absence properly withdrew the issue from the jury.

Boring, 833 F.2d at 474 (citations omitted).

In addition, Plaintiff must demonstrate that the official's actions constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind." Gamble, 429 U.S. at 105-106. Deliberate indifference to serious medical needs of prisoners is substantially different than negligently diagnosing or treating a medical condition. Gamble, 429 U.S. at 106. Only the former violates the Eighth Amendment, which requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id*. (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation. Kost v. Kozakiewicz, 1 F.3d 176 185 (3d Cir. 1993).

> Although prison systems have a duty to provide prisoners with adequate medical care, it is but just that the public be required to care for the prisoner who cannot by reason of deprivation of liberty care for himself. [T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners.

Durmer v. O'Carroll, 991 F.2d at 67 (quotations and citations omitted).

While an intentional refusal to provide <u>any</u> medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.[1] A disagreement as to the appropriate choice of

---

1. *See, e.g.*, Dias v. Vose, 960 F.2d 143 (1st Cir. 1991); United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987) ("though it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy"); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (a dispute over the exercise of professional medical judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (where the dispute is over the adequacy of the medical treatment, federal courts should be reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law).

medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). *Accord* Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).[2] Thus, while Plaintiff's Complaint is sufficient to state a claim under the Eighth Amendment for purposes of surviving this motion, his burden of proving the existence of such a violation is substantial.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Myers (ECF No. 22) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights. Brightwell v. Lehman, ___ F.3d ___, 2011 WL 635274 (3d Cir. February 9, 2011).

---

2. *Cf.* Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under section 1983 only under exceptional circumstances).

Dated: May 2, 2011

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

cc:Brian Young
DL - 3506
S.C.I. Forest
P.O. Box 945
Marienville, PA  16239